IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00028-KDB-SCR

| | |
|---|---|
| JON'TA HAMPTON-BEY, <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN HAYES, ET AL., <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment (Doc. No. 11). The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed below, the Court concludes that Defendants are entitled to judgment as a matter of law and will accordingly **GRANT** the motion.

## I.  LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land,* 36 F.4th at 252. "A fact is material if it might affect the outcome of the suit under the governing law." *Id*. (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

1

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions, or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022). If the movant satisfies his initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land,* 36 F.4th at 252 (quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015)). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). Rather, the nonmoving party must establish that a material fact is genuinely disputed by, *inter alia*, "citing to particular parts of the materials of record" and cannot rely only on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Fed. R. Civ. P. 56(c)(1)(A); *8.929 Acres of Land,* 36 F.4th at 252 (quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013)).

Still, summary judgment is not intended to be a substitute for a trial of the facts. *Anderson*, 477 U.S. at 249. In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017)). "Summary judgment cannot be granted merely

2

Case 5:23-cv-00028-KDB-SCR   Document 18   Filed 11/06/23   Page 2 of 5

because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)).

In the end, the relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## II. FACTS AND PROCEDURAL HISTORY

This is a *pro se* civil rights action alleging that the plaintiff's civil rights were violated by issuance of a traffic citation in February 2023 for driving an unregistered vehicle and driving with no driver's license in possession. Both charges were dismissed after the plaintiff registered the vehicle and provided proof thereof to the District Attorney. The plaintiff had a valid driver's license, but was simply not carrying it at the time of the traffic stop. *See* Doc. Nos. 1-1; 11-1.

Although the contested traffic stop occurred in Watauga County, North Carolina, Plaintiff filed this action in Iredell County Small Claims Court asserting that Defendants Jonathan Hayes and the Blowing Rock Police Department violated plaintiff's rights under color of law, entitling him to $10,000 in damages.[1] Defendants timely removed the case to this Court, Doc. No. 1, and have now filed a motion for summary judgment, which Plaintiff opposes. Doc. Nos. 11, 15.

---

[1] Plaintiff's subsequently filed "Declaration of Moorish American National and Civil Rights Supplemental Complaint" asserts the traffic citation was "made in false pretenses" to "convert" his rights as a "Moorish American National" into "a crime." Doc. No. 8 at 2. Plaintiff has no such special "rights." *See, e.g., El-Bey v. City of Greensboro*, 2011 WL 4499168 at *2 (M.D.N.C. 2011) ("Despite his contention to the contrary, Plaintiff is not immune to the laws of the States and the United States. Plaintiff is not special. Just like any other person who is driving a car in North Carolina, he must have a valid driver's license and current registration. Plaintiff's ridiculous claim that he is a member of some fanciful, ancient tribe of Moors does not change that.").

### III. DISCUSSION

The Court readily finds that Defendants are entitled to summary judgment. Under North Carolina law a police officer "may stop and issue a citation to any motorist who 'he has probable cause to believe has committed a misdemeanor or infraction.'" *State v. Hamilton*, 125 N.C.App. 396, 481 S.E.2d 98, 100 (1997) (*quoting* N.C.G.S. § 15A–302(b)). Here, Officer Hayes stopped Plaintiff's vehicle after observing him driving it while displaying a fictitious Moorish Nation placard instead of the DMV issued rear license plate required by N.C.G.S. § 20-163(d). *See* Doc. No. 11-1. Upon confirming the vehicle was unregistered, Hayes cited Plaintiff for violating N.C.G.S. § 20-111(1), which makes it a Class 3 misdemeanor to operate an unregistered vehicle on the street. Likewise, Hayes included on the same citation a violation of N.C.G.S. § 20-7(a) for Plaintiff's failure to "carry [his driver's] license while driving the vehicle." *Id*. Because "[t]he Fourth Amendment is not violated by an arrest [or citation] based on probable cause," Plaintiff's claim that his civil rights were violated fails. *See Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989).[2] Further, beyond the lack of any claim with substantive merit, Plaintiff cannot sue the Blowing Rock Police Department as a separate entity. *See Coleman v. Cooper*, 89 N.C. App. 188, 192, 366 S.E.2d 2, 5 (1988) (holding that a police department may not be sued because "there is no statute authorizing suit against a police department"). Therefore, both defendants are entitled to summary judgment as a matter of law.

---

[2] Moreover, Officer Hayes would be entitled to qualified immunity because his conduct was not "clearly proscribed" by preexisting law. *See Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985). Indeed, Officer Hayes' traffic stop based on probable cause was entirely lawful.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion for Summary Judgment (Doc. No. 11) is **GRANTED**; and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 6, 2023

Kenneth D. Bell
United States District Judge